UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 11-20265-CR-LENARD/O'SULLIVAN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JAMES ROBERT RICHARDSON,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on the defendant's Motion to Suppress (DE# 15, 4/25/11). This motion was referred to United States Magistrate Judge John J. O'Sullivan by the Honorable Joan A. Lenard, United States District Court Judge for the Southern District of Florida. Having carefully considered the defendant's motion, the court file and applicable law and having held an evidentiary hearing on May 16, 2011, the undersigned respectfully recommends that the defendant's Motion to Suppress (DE# 15, 4/25/11) be **DENIED**.

## BACKGROUND

On March 21, 2011, the government submitted an application and affidavit for a search warrant for the search of the defendant's residence and the seizure of various items including computer equipment. The search warrant was signed by the undersigned. The affidavit was sworn to by FBI Special Agent Jason N. Ginther. The affidavit indicated that on January 25, 2011, as part of an online undercover

investigation, Special Agent Ginther downloaded four (4) video files[1] containing child pornography over the internet using a peer to peer file sharing program. See Affidavit (DE# 18-1 at ¶ 26, 5/9/11). The videos were associated with the same IP address.[2] Id. at ¶ 27. Special Agent Ginther determined that the IP address was assigned to Comcast Cable Communications ("Comcast"). Id. at ¶ 28. Special Agent Ginther learned from information provided by Comcast that the subscriber to the IP address at the time of the downloads was the defendant at an address in North Miami, Florida. Id. On February 16, 2011, Special Agent Ginther determined that the North Miami address provided by Comcast was a single story residence. Id. at ¶ 29. On February 18, 2011, Special Agent Ginther observed a vehicle parked outside the residence. Id. at ¶ 30. Special Agent Ginther determined that the vehicle was registered to the defendant. Id. On February 23, 2011, Special Agent Ginther again observed the vehicle outside the defendant's residence. Id. at ¶31. According to the affidavit:

> **Individuals who collect child pornography rarely, if ever, dispose of their sexually explicit materials** and may go to great lengths to conceal and protect from discovery, theft, and damage their collections of illicit materials. **The known desire of such individuals to retain child pornography together with the sense of security afforded by using computers, provides probable cause to believe that computer images, especially child pornography and erotic nudity involving minors, will be retained by the collector indefinitely.** These individuals may protect their illicit materials by passwords, encryption, and other security measures. These individuals may also protect their illicit materials by saving it on moveable media such as memory cards, memory sticks,

---

[1] Two of these videos were complete downloads and the other two videos were partial downloads.

[2] An IP address is a unique sequence of numbers separated by periods that identifies a computer connected to the internet. It is a unique identifier for a line of communication that is provided by an internet provider. Generally, the IP address is assigned randomly by the internet provider. A modem may retain the IP address for a period of time until it obtains another IP address.

> CD's, DVD's, flash memory, thumb drivers, and removable hard drives, which can be very small in size . . . and easily secreted, or sent to third party image storage sites via the Internet.

Id. at ¶ 32f (emphasis added).

On March 23, 2011, Special Agent Ginther conducted a second online undercover investigation. During this investigation, Special Agent Ginther downloaded five (5) additional videos depicting child pornography from the same IP address as the prior four videos. On Mach 24, 2011, Special Agent Ginther downloaded three (3) additional videos containing child pornography from the same IP address. These additional eight (8) videos were downloaded after the search warrant was signed by the undersigned and thus were not included in the affidavit supporting the search warrant presented to the undersigned. See United States of America's Response in Opposition to Defendant's Motion to Suppress Evidence (DE# 18 at 4 n.1, 5/9/11).

On March 30, 2011, law enforcement officers executed the search warrant at the defendant's residence. During the execution of the search warrant, the defendant made certain incriminating statements. The search of the defendant's residence revealed dozens of DVDs containing child pornography. A search of the defendant's computer using the peer to peer file sharing program revealed numerous child pornography videos.

On April 25, 2011, the defendant filed the instant motion arguing that evidence seized from the March 30, 2011 search of his residence and any statements made by the defendant should be suppressed. See Motion to Suppress (DE# 15 at 4, 4/25/11). The defendant argues that "the government . . . waited too long to seek and serve the search warrant." Id. The government responded to the instant motion on May 9, 2011.

See United States of America's Response in Opposition to Defendant's Motion to Suppress Evidence (DE# 18, 5/9/11). The defendant filed his reply on May 11, 2011. See Reply to Response (DE# 22, 5/11/11).

The undersigned held an evidentiary hearing on May 16, 2011. The defendant presented testimony from Freida Troy, a paralegal investigator with the Federal Public Defender's Office, and FBI Special Agent Ginther. The government did not call any witnesses. Neither party introduced exhibits. This matter is now ripe for consideration.

## ANALYSIS

**A.   Staleness**

In his motion to suppress, the defendant raises the issue of staleness. See Motion to Suppress (DE# 15 at 4, 4/25/11). The "information supporting the government's application for a warrant must show that probable cause exist[ed] at the time the warrant [was] issue[d]." United States v. Bervaldi, 226 F.3d 1256, 1264 (11th Cir. 2000). In Bervaldi, the Court explained the standard for evaluating staleness. Id. at 1264-65. There is no definitive test as to staleness. Instead, the Court must determine from the facts of the instant case whether or not the information has become stale. Id. The Court may consider such factors as the length of time between the events that created the probable cause and the issuance of the search warrant but also should consider "the nature of the suspected crime (discrete or ongoing conspiracy), habits of the accused, character of the items sought, and nature and function of the premises to be searched." Id. The basic criterion as to the duration of probable cause is the inherent nature of the crime. United States v. Magluta, 198 F.3d 1265, 1272 (11th Cir. 1999).

Here, the approximately two-month period between the download of the first four videos and the execution of the search warrant does not render the probable cause supporting the search warrant stale. The undersigned was presented with evidence that four videos containing child pornography were downloaded from a computer which at the time of the downloads was located in the defendant's residence. The subscriber to the IP address was the defendant. A subsequent investigation revealed a car registered to the defendant at the residence on two occasions in February, 2011, approximately one month before the warrant was issued. Although the defendant makes an argument regarding the ease of mobility of laptops and smart phones, two months is not an extraordinary length of time given the nature of the offense in question. See United States v. Schwinn, 376 Fed. Appx. 974, 979 (11th Cir. 2010) (finding probable cause was not stale after 10 months). Child pornography is a crime that is very secretive and reprehensible to society at large. As such, images of child pornography are usually secreted in private areas such as the home. Here, there was evidence that the defendant is a collector of child pornography. The government downloaded four videos containing child pornography from a computer located at the defendant's residence at the time of the downloads. Collectors of child pornography "rarely, if ever, dispose of their sexually explicit materials" as indicated in the affidavit supporting the search warrant. See Affidavit (DE# 18-1 at ¶ 32f, 5/9/11). Considering the nature of the alleged crime and the evidence gathered in this investigation, the undersigned finds that the evidence was not stale and that probable cause existed at the time the warrant was issued. Bervaldi, 226 F.3d at 1264.

**B.     Good Faith Reliance on the Search Warrant**

Even if, arguendo, the affidavit lacked probable cause to support the search warrant, the undersigned finds that the evidence should not be suppressed under United States v. Leon, 468 U.S. 897, 919 (1984)). In Leon, the Supreme Court established a good faith exception to the exclusionary rule for searches conducted pursuant to a warrant issued by a neutral and detached magistrate. The Eleventh Circuit noted that "courts generally should not render inadmissable evidence obtained by police officers acting in reliance upon a search warrant that is ultimately found to be unsupported by probable cause." United States v. Martin, 297 F.3d 1308, 1313 (11th Cir. 2002) (citing United States v. Leon, 468 U.S. 897, 919 (1984)). The undersigned finds that the search warrant in this case was not so facially deficient that a police officer would not be expected to reasonably rely on the warrant.

## CONCLUSION

The undersigned finds that, based on the totality of the circumstances, there was probable cause to support the issuance of the search warrant for the defendant's residence. Even if, arguendo, there was no probable cause to support the search warrant, the undersigned finds that the instant case falls within the good faith exception in Leon.

## RECOMMENDATION

For the foregoing reasons, the undersigned RECOMMENDS that the defendant's Motion to Suppress (DE# 15, 4/25/11) be **DENIED**. Pursuant to 28 U.S.C. § 636(b)(1)(B) and C, the parties may serve and file written objections to this Report and

Recommendation with the Honorable Joan A. Lenard within fourteen (14)[3] days of receipt of a copy of this Report and Recommendation. See Nettles v. Wainwright, 677 F.2d 404 (5th Cir. 1982). A failure to file timely objections shall bar the parties from attacking the factual findings made herein. LoConte v. Dugger, 847 F.2d 745, 749-50 (11th Cir. 1988).

RESPECTFULLY SUBMITTED, in Chambers, at Miami, Florida, this **16th** day of May, 2011.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provide to:
U.S. District Court Judge Lenard
All Counsel of Record

---

[3] This matter is set for trial on May 23, 2011. The parties should file any objections to this Report and Recommendation prior to the trial of this matter.