UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20265-CR-LENARD/O'SULLIVAN

UNITED STATES OF AMERICA,

v.

JAMES ROBERT RICHARDSON,

   Defendant.
_____/

### ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE (D.E. 25) AND DENYING DEFENDANT'S MOTION TO SUPPRESS (D.E. 15)

**THIS CAUSE** is before the Court on the Report and Recommendation of Magistrate Judge John J. O'Sullivan ("Report," D.E. 25), issued on May 16, 2011. The Report recommends the Court deny Defendant James Robert Richardson's Motion to Suppress ("Motion," D.E. 15).[1] On May 19, 2011, Defendant filed objections to the Report ("Objections," D.E. 31). On May 20, 2011, the Government filed its response to Defendant's Objections ("Response," D.E. 37). Having considered the Report, Objections, Response, Motion, related pleadings, and the record, the Court finds as follows.

**I.  Background**

On March 21, 2011, FBI Special Agent Jason N. Ginther ("Ginther") submitted an

---

[1] Defendant filed his Motion April 25, 2011. The Government filed its response (D.E. 18) on May 9, 2011, to which Defendant filed his reply (D.E. 22), on May 11, 2011. On May 16, 2011, the Magistrate Judge held an evidentiary hearing.

affidavit in support of an application for a search warrant for a home located at 510 N.W. 135th Street, North Miami, Florida. (See "Affidavit," D.E. 18-1.) The affidavit indicates that on January 25, 2011, at approximately 9:30 a.m., Ginther conducted an undercover online investigation into the sharing of child pornography using a peer-to-peer file sharing program called LimeWire.[2] (See id. at ¶ 26.) Using a law enforcement tool that provides the geographic locations associated with Internet Protocol ("IP") addresses,[3] Ginther identified a subject assigned IP address 71.196.11.191, which was actively sharing files containing suspected child pornography over the network. (Id.) The user associated with that address was sharing 5 video files. (Id.) Upon viewing the list of files in the folder associated with that IP address, Ginther downloaded four video files[4] containing child pornography. (Id. at ¶ 27.) Ginther subsequently issued a subpoena to the Internet Service Provider ("ISP") associated with that IP address, Comcast Cable Communications ("Comcast"), and learned that the Defendant was the subscriber associated with IP address 71.196.11.191. The subscriber information provided by Comcast also indicated this account was active and had

---

[2] The affidavit explains that peer-to-peer file sharing is a method of communication available to Internet users through the use of special software. This software is designed to allow the exchange of digital files over peer-to-peer networks, the most predominant which are the Gnutella 1 & 2 networks. To access these networks, users must first obtain file sharing software. Through the installation of such software, the user designates a "shared" folder available to anyone else also using the file sharing network. (See Affidavit, D.E. 18-1 at ¶¶ 15-17.)

[3] An IP address is a unique numeric address used by computers on the Internet.

[4] Two of the four videos were completely downloaded, while the other two were only partially downloaded.

been created on August 31, 2009. On February 16, 2011, Ginther identified the address associated with the Comcast account as a single story residence. (Id. at ¶ 28.) On February 18, 2011, Ginther observed a vehicle parked outside the residence which he later determined was registered to Defendant. (Id. at ¶ 29.) On February 23, 2011, Ginther again observed the same vehicle parked in the residence's driveway. (Id. at ¶31.) With regard to Ginther's experience with persons involved in the possession and distribution of child pornography, the affidavit, in part, notes:

> Individuals who collect child pornography rarely, if ever, dispose of their sexually explicit materials and may go to great lengths to conceal and protect from discovery, theft, and damage their collections of illicit materials. The known desire of such individuals to retain child pornography together with the sense of security afforded by using computers provides probable cause to believe that computer images, especially child pornography and erotic nudity involving minors, will be retained by the collector indefinitely.

(Id. at ¶ 32(f).) Magistrate Judge O'Sullivan issued the search warrant for Defendant's home on March 21, 2011. (See D.E. 18-2.)

On March 23, 2011, Ginther conducted a second investigation. During this second investigation, he downloaded an additional 5 videos depicting child pornography from the same IP address. On March 24, 2011, Ginther downloaded an additional three videos containing child pornography. On March 30, 2011, law enforcement officers executed the search warrant. During the execution of the warrant, Defendant made certain incriminating statements and the search revealed numerous child pornography videos and DVDs. Specifically, Defendant spontaneously asked whether FBI agents were there because of "the

3

kiddie porn." (Response at 4.) According to the Government, Defendant admitted to possessing, downloading, and storing child pornography obtained over the internet using LimeWire. The search produced dozens of DVDs with child pornography as well as child pornography found on his computer, which was running LimeWire at the time.

On April 12, 2011, a grand jury indicted Defendant with three counts of distribution of a visual depiction of a minor engaged in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(2) and one count of possession of a visual depiction of a minor engaged in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(4)(B).

On April 25, 2011, Defendant filed his motion to suppress the evidence and incriminating statements resulting from the search. In essence, Defendant argues the results of the search must be suppressed because the two-month period between the January 25, 2011, download, and the issuance of the search warrant, rendered any probable cause "stale."

On May 16, 2011, the Magistrate Judge held an evidentiary hearing on Defendant's Motion. At the hearing, Defendant presented testimony from Ginther and Freida Troy, a paralegal investigator with the Federal Public Defender's Office. The Magistrate Judge issues his Report the same day.

## II.   Report and Objections

The Report recommends denial of Defendant's Motion. First, the Report concludes that given the nature of the offense, the period of two months between the first download and the issuance of the search warrant did not render the probable cause stale. Citing the

affidavit's statements that collectors of child pornography "rarely, if ever, dispose of their sexually explicit materials" and the private nature of the offense, the Magistrate Judge found the evidence was not stale and probable cause existed at the time the warrant was issued. Second, the Magistrate Judge determined that the evidence should not be suppressed because the search warrant was not so facially deficient that a police officer could not have reasonably relied upon it in good faith.

Defendant objects to the Report on the grounds that there was insufficient evidence contained within the affidavit to conclude that Defendant was a "collector" of child pornography, rather than a "one time voyeur," and therefore would have likely retained any sexually explicit materials. (Objections at 2.) Defendant also objects that there was no information in the affidavit indicating that any materials downloaded in January might still be in the residence two months later. Finally, Defendant argues the "good faith" exception to the exclusionary rule should not apply since Ginther did not rely upon the search warrant but instead conducted further downloads from the Defendant's computer.

In response, the Government contends the Magistrate Judge correctly concluded that the probable cause from the January 25, 2011, download was not stale and even if it were, the "good faith" exception to the exclusionary rule would apply.

### III. Standard of Review

Pursuant to Rule 59(b)(3) of the Federal Rules of Criminal Procedure and 28 U.S.C. § 636(b)(1)(B), the Court must consider *de novo* Defendant's objections to the Report and

5

"may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter." In making its determination, the district court is given discretion and "is generally free to employ the magistrate judge's findings to the extent that it sees fit." Amlong & Amlong, P.A. v. Denny's, Inc., 500 F.3d 1230, 1245 (11th Cir. 2007). To the extent the magistrate judge's findings turn on evaluations of credibility or "demeanor-intensive fact finding," those findings should not be rejected or overruled lightly as "the raw transcript of the hearing" does not capture the "nuances of the testimony or the demeanor of the witnesses." Amlong, 500 F.3d at 1248-50.

**IV.   Discussion**

The "staleness doctrine" "requires that the information supporting the government's application for a warrant must show that probable cause exists at the time the warrant issues." United States v. Bervaldi, 226 F.3d 1256, 1264 (11th Cir. 2000) (citing United States v. Harris, 20 F.3d 445, 450 (11th Cir.1994); United States v. Domme, 753 F.2d 950, 953 (11th Cir.1985); Sgro v. United States, 287 U.S. 206, 210 (1932)). "There is no particular rule or time limit for when information becomes stale." Bervaldi, 226 F.3d at 1264. Rather, the inquiry requires examination of the peculiar facts of each case and courts must consider such factors as the length of time, the nature of the suspected crime (discrete crimes or ongoing conspiracy), habits of the accused, character of the items sought, and nature and function of the premises to be searched. See id. at 1265; Domme, 753 F.2d at 953; Harris, 20 F.3d at 450.

6

Based upon the peculiar facts of this case, it is clear that probable cause existed at the time the warrant issued and that the information supporting the warrant had not become stale. First, it is worth noting that the length of time between the initial download and the issuance of the search warrant was relatively short. It was only approximately two months. In other child pornography cases, the Eleventh Circuit has found much longer periods of time did not render probable cause stale. See United States v. McBurnette, 382 Fed. Appx. 813, 815 (11th Cir. June 10, 2010) (finding a period of almost two years did not render information stale); United States v. Schwinn, 376 Fed. Appx. 974, 979 (11th Cir. Apr. 28, 2010) (finding a period of ten months did not render information stale). Second, the nature of the suspected offense and the habits of those involved in child pornography supported a finding of probable cause. The search warrant affidavit explained that individuals involved with child pornography often store and trade images using, *inter alia*, cameras, computers, chat and file sharing programs, e-mail, instant messaging, CDs, DVDs, flash drives, and removable hard drives. (Affidavit, D.E. 18-1 at ¶ 32.) The affidavit also explained that individuals who collect child pornography "rarely, if ever, dispose of their sexually explicit materials." (Id. at ¶ 33.) Thus, the nature of the offense and those involved makes it more likely that any images or evidence were still present. Although Defendant complains that nothing in the affidavit indicates he was a "collector" of child pornography, the Magistrate Judge was entitled to infer that Defendant was a collector based upon the other information contained in the affidavit. The nature of peer-to-peer file sharing systems is that users must actively

7

share those files which they wish to share. Users are required to place files from their local hard drive into a "shared" file directory. (Id. at ¶ 21.) Additionally, the affidavit describes how Defendant was sharing five videos on January 25, 2011. Of these videos, Ginther downloaded four videos involving child pornography. Other courts have noted that "where evidence indicates that an individual has uploaded or possessed multiple pieces of child pornography, there is enough of a connection to the 'collector' profile to justify including the child pornography boilerplate in a search warrant." United States v. Pappas, 592 F.3d 799, 803-04 (7th Cir. 2010). Finally, the character of the items sought, images or other files stored on computers, DVDs, or other storage devices, makes it more likely that the evidence would still be present two months after the initial download. Because of the nature of such storage devices, even attempts to subsequently delete or conceal these files may not have been successful. Although Defendant complains that given the nature of modern technology the Magistrate Judge could not have concluded the downloaded files were still in the house, as opposed to being stored on a more mobile device, the Court finds this argument without merit. The unique IP address associated with the downloads was registered to Defendant at his residence. Given the private and secretive nature of the offense, the Magistrate Judge was entitled to infer that those materials were located in the house and not in a form which might be subject to discovery by others. See United States v. Irving, 452 F.3d 110, 125 (2d Cir. 2006) ("[I]mages of child pornography are likely to be hoarded by persons interested in those materials in the privacy of their homes.") (quoting United States v. Lamb, 945 F.Supp.

441, 460 (N.D.N.Y.1996)). Accordingly, the Court finds that the probable cause supporting the search warrant was not stale.

One exception to the exclusionary rule is the good faith exception articulated in <u>United States v. Leon</u>, 468 U.S. 897, 922 (1984). That exception "stands for the principle that courts generally should not render inadmissible evidence obtained by police officers acting in reasonable reliance upon a search warrant that is ultimately found to be unsupported by probable cause." <u>United States v. Martin</u>, 297 F.3d 1308, 1313 (11th Cir. 2002). The good faith exception may be applicable absent the following circumstances: (1) the magistrate or judge issuing the warrant was misled by information in an affidavit that the affiant knew was false or should have known was false absent their disregard for the truth; (2) the magistrate or judge failed to act in a neutral and detached manner; (3) the affidavit in support of the warrant was so lacking in indicia of probable cause so as to render belief in its existence entirely unreasonable; or (4) the warrant was so facially deficient that the executing officers could not have reasonably presumed it to be valid. <u>Id.</u> Assuming the information contained in the affidavit had become stale by the time of the issuance of the search warrant, the evidence and statements seized would still not be excluded under the "good faith" exception to the exclusionary rule. Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

 **1.** Consistent with this Order, the Report and Recommendation of the Magistrate Judge (D.E. 25), issued on May 16, 2011, is **ADOPTED**;

**2.**     Defendant James Robert Richardson's Motion to Suppress (D.E. 15), filed on

April 25, 2011, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 20th day of May, 2011.

*Joan A. Lenard*
**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**